[Crim. No. 1216.  In Bank.—December 19, 1904.]

In Re GEORGE E. LETCHER upon Habeas Corpus.

EXTRADITION—REGULARITY OF PROCEEDINGS—REVIEW UPON HABEAS CORPUS.—In extradition proceedings, where the indictment in the state to which the extradition is sought charges a public offense within its statute, the regularity of the proceedings had before the extradition is not reviewable upon *habeas corpus*.

ID.—FUGITIVE FROM JUSTICE—CONSTRUCTION OF FEDERAL CONSTITUTION—DECISION OF UNITED STATES SUPREME COURT.—The question as to whether or not the petitioner is a fugitive from justice within the meaning of the federal constitution having been settled by the decision of the supreme court of the United States, its decision on that question is absolutely binding upon this court.

WRIT OF HABEAS CORPUS to Garret Fox and George W. Wittman.

The petitioner alleges unlawful restraint under extradition proceedings from the governor of Ohio to the governor of this state, to answer to an indictment found in the state of Ohio November 21, 1904, for the crime of burning a building in that state January 4, 1881, for the purpose of defrauding an insurance company, by aiding and abetting other persons named in the indictment to commit such crime. The petitioner alleges that there is no affidavit accompanying the demand upon the governor of this state, as required by law, and that the indictment is not in legal form, and was found

without any legal evidence before the grand jury, and there was no evidence before the governor of this state to show that petitioner was a fugitive from justice, and that the contrary was established.

The return of Garret Fox showed that he is the authorized agent of the state of Ohio and that the petitioner was arrested by Chief of Police George W. Wittman under a warrant of arrest from the governor of California, and delivered to said agent.

Samuel G. Tompkins, D. W. Burchard, and John B. Kerwin, for Petitioner.

C. G. Nagle, and Nagle & Nagle, for Garret Fox, Respondent.

THE COURT.—The indictment charges a public offense within the statute of the state of Ohio. The regularity of the proceedings had in that state before extradition is not reviewable by us in this proceeding.

Upon the proposition as to whether or not the petitioner is a fugitive from justice within the meaning of the constitution of the United States, that question seems to be absolutely decided against petitioner's contention by the supreme court of the United States in *Roberts* v. *Reilly*, 116 U. S. 80, and the decision of that court upon this constitutional question is absolutely binding upon this tribunal. Whether or not the facts in the case of petitioner are such as to call for a modification of the views expressed in *Roberts* v. *Reilly* is a question which can only be decided by the federal courts, whose writs and processes are open to petitioner.

The petitioner is remanded.